# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES STEVEN MAXWELL, )<br>)<br>Defendant. ) | Case No: 10-CR-190-JHP |

## OPINION AND ORDER

Before the Court is Defendant James Steven Maxwell's ("Defendant") amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. 90). Defendant contends his detention pursuant to the Judgment and Sentence of the United States District Court for the Northern District of Oklahoma, in Case No. 10-CR-190-JHP, is unlawful. Defendant has filed a separate Brief in Support of his Motion. (Dkt. 94). Plaintiff the United States of America ("Government") filed a Response in Opposition to Defendant's Motion (Dkt. 57), and Defendant filed a Reply (Dkt. 98). The Government subsequently filed a Notice of Supplemental Authority (Dkt. 101). For the reasons cited herein, Defendant's Motion pursuant to § 2255 is **DENIED**.

## BACKGROUND

On December 7, 2010, a federal Grand Jury indicted Defendant with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Counts One and Two). (Dkt. 7 (Indictment)). On March 29, 2011, Defendant was convicted by a jury of both Counts One and Two. (Dkt. 47 (Jury Verdict)).

In advance of sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") as to Defendant, in which it was recommended he be classified as an Armed Career Criminal ("ACC") under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). (PSR ¶ 19). Defendant's ACC classification was based on his having committed the § 922(g)(1) offense after sustaining three prior convictions for a violent felony or serious drug offense. Defendant's predicate ACC convictions were two convictions for Assault with a Dangerous Weapon, in violation of 21 Okl. St. § 645 (Texas County, Oklahoma Case No. CRF-81-294; Tulsa County Case No. CRF-85-644), and one conviction for Use of a Firearm During a Drug Trafficking Crime (Northern District of Oklahoma Case No. 94-CR-103-001-E). (*See* PSR ¶¶ 19, 23, 26, 30). As an ACC, Defendant faced a fifteen-year mandatory minimum sentence. (PSR ¶ 57).

Defendant objected to his ACC classification, challenging the use of his two assault convictions as predicates to enhance his sentence (Dkt. 51). In his Objections to the PSR, Defendant argued his assault convictions were improper ACC predicates because he was never informed during those guilty pleas that such convictions could later be used as sentencing enhancements. (Dkt. 51). As a result, Defendant argued those guilty pleas were not freely and voluntarily made and therefore were invalid as a matter of law. (*Id.*). He further challenged use of the 1981 Texas County assault conviction on the ground it was not a felony. (Dkt. 56). Defendant did not contest the applicability of his Use of a Firearm During a Drug Trafficking Crime conviction. The Government opposed Defendant's objections. (Dkt. 58).

At sentencing, the Court overruled Defendant's objections and found Defendant to be an ACC. (Dkt. 70 (Sent. Tr.), at 21-23). The Court sentenced Defendant to imprisonment for 195 months on each Count, to run concurrently with each other and with any sentence in Tulsa County Case No. CF-2010-4393. (Dkt. 61 (Judgment & Commitment)).

Defendant appealed his convictions and sentence. Defendant presented his previous objections to use of his 1981 assault conviction as an ACCA predicate. The Tenth Circuit affirmed the convictions and sentence imposed by this Court.

*United States v. Maxwell*, 492 F. App'x 860 (10th Cir. 2012). Defendant did not petition for a writ of certiorari with the United States Supreme Court, and he did not file a § 2255 motion or other collateral challenge prior to the present proceeding.

Defendant has now filed an amended motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Dkt. 90). Defendant raises a single ground in his motion, that his ACCA sentence violates due process based on *United States v. Johnson*, 135 S. Ct. 2551 (2015) (Dkt. 90, at 4). Defendant also filed a Brief in Support of his Motion (Dkt. 94). The Government filed a Response in Opposition (Dkt. 97), and Defendant filed a Reply (Dkt. 98). The Government also filed a Notice of Supplemental Authority, notifying the Court of the Tenth Circuit's opinion in *United States v. Taylor*, 843 F.3d 1215 (10th Cir. 2016). (Dkt. 101). The pending motion is now fully briefed and ripe for this Court's review.

## **DISCUSSION**

**I.    Ground One:  Relief Pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015)**

In Ground One of his § 2255 motion, Defendant argues his ACCA sentence violates due process, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Defendant argues that under *Johnson*, his two prior convictions for assault with a dangerous weapon are no longer ACCA predicates, because those convictions were

supported by the ACCA's "residual clause." Without those convictions, Defendant asserts his ACCA sentence is supported by only one valid predicate conviction, which is insufficient to support the enhancement.

The ACCA provides an enhanced sentence for a person who is convicted as a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony," in relevant part, to mean any crime punishable by imprisonment for a term exceeding one year that (1) "has an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated offenses clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B)(i)-(ii).

In *Johnson*, the United States Supreme Court held the enhanced sentence could not be imposed pursuant to the ACCA's residual clause. 135 S. Ct. at 2563. The Supreme Court found the residual clause violated the Due Process Clause of the Fifth Amendment to the United States Constitution, because it was impermissibly vague on its face. *Id.* at 2557. While the Court concluded the residual clause was void in its entirety, the Court explicitly noted that application

of the first two "violent felony" definition clauses of the ACCA—the elements clause and the enumerated offenses clause—remained intact. *Id.* at 2563.

### A. Timeliness

As an initial matter, it is undisputed, and the Court agrees, that Defendant's § 2255 motion is timely pursuant to 28 U.S.C. § 2255(f)(3). This provision permits a § 2255 motion to be filed within one year from the date when the asserted right was initially recognized by the Supreme Court. Here, the Supreme Court in *Johnson* initially recognized the ACCA's residual clause was unconstitutional on June 26, 2015, and Defendant filed his § 2255 motion on June 27, 2016. *See* Fed. R. Civ. P. 6(a).[1] Further, § 2255(f)(3) permits such claims brought under that section if the right asserted is "made retroactively applicable to cases on collateral review." The Supreme Court has clarified that its decision under *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). Accordingly, Defendant's § 2255 motion is timely.

### B. Merits

#### 1. Assault With a Dangerous Weapon Offenses

Defendant argues the now-defunct residual clause supported the determination that his two assault convictions were ACCA predicates. At

---

[1] The one-year deadline expired on June 26, 2016, which was a Sunday. Under Federal Rule of Civil Procedure 6(a)(1), if the deadline falls on a Sunday, the period continues to run until the following day that is not a legal holiday.

6

Defendant's sentencing, this Court did not identify the specific basis for finding the assault convictions were proper ACCA predicates. (*See* Dkt. 70 (Sent. Tr.), at 21-23). If those convictions were supported only by the residual clause, then they are no longer valid ACCA predicates under *Johnson*, and the Court committed constitutional error in sentencing him under the residual clause. These convictions plainly do not fall within ACCA's enumerated crimes. Accordingly, the Court must determine whether the assault convictions were also supported by ACCA's elements clause. If so, then the error is harmless, as Defendant's convictions still support an ACCA sentence.

When Defendant committed the 1981 assault with a dangerous weapon offense and the 1985 assault and battery with a dangerous weapon offense, the statute of conviction read, in relevant part:

> Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without the intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five (5) years . . . .

21 Okl. St. § 645 (1981).[2]

---

[2] The 1985 version of the statute materially differs from the 1981 version only in that it contains a maximum sentence of 10 years, rather than 5 years of imprisonment.

Defendant argues a conviction under this statute would readily satisfy the residual clause's standard of conduct involving "a serious potential risk of physical injury to another." Defendant points to the Tenth Circuit's opinion in *United States v. Sandoval*, 696 F.3d 1011 (10th Cir. 2012) as support for his argument. In *Sandoval*, the defendant challenged reliance on his conviction for second degree assault as a predicate under the ACCA. The relevant Colorado statute provided that an offender commits the offense if "[w]ith intent to cause bodily injury to another person, he or she causes such injury to any person by means of a deadly weapon." *Id.* at 1014. The Tenth Circuit assessed whether the crime fit the residual clause by examining (1) whether the offense presents a serious potential risk of physical injury to another and (2) whether the offense is roughly similar, in kind as well as degree of risk posed, to the enumerated crimes (burglary, arson, extortion, or involves use of explosives). *Id.* at 1015-16. The *Sandoval* panel concluded that the crime at issue satisfied the residual clause. Based on this reasoning, Defendant argues the residual clause supported his assault convictions as violent felonies under the ACCA.

The Government concedes that an Oklahoma conviction for simple assault and battery no longer qualifies as a violent felony under ACCA's elements clause, because Oklahoma battery does not require "violent force—that is, force capable

8

of causing physical pain or injury to another person," as opposed to mere touching. *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010). *See United States v. Smith*, 652 F.3d 1244, 1247 (10th Cir. 2011). Nonetheless, the Government argues the Tenth Circuit has stated that a conviction for assault and battery with a dangerous weapon under 21 Okl. St. § 645 satisfies the "elements" clause of § 4B1.2 of the United States Sentencing Guidelines ("USSG"), which is identical to ACCA's "elements" clause. *See United States v. Mitchell*, 653 F. App'x 639, 642-45 (10th Cir. 2016).

Defendant contends that under *Mathis v. United States*, 136 S. Ct. 2243 (2016), issued only a few days before *Mitchell*, the assault convictions cannot be considered violent felonies. Defendant argues *Mathis* effectively nullifies the "dangerous weapon" element of his assault crime, thereby rendering the conviction an improper ACCA predicate. However, the Tenth Circuit has since foreclosed this argument, in *United States v. Taylor*, 843 F.3d 1215 (10th Cir. 2016). The panel in *Taylor* addressed whether 21 Okl. St. § 645 satisfied the elements clause of the Career Offender sentencing enhancement, USSG § 4B1.2(a)(1).[3] The defendant in *Taylor* challenged the district court's treatment of his prior conviction under § 645 as a crime of violence in light of *Mathis*, arguing that the principles

---

[3] The elements clause of § 4B1.2 is identical to the elements clause of ACCA. *See United States v. Crump*, 674 F. App'x 802, 803 (10th Cir. 2017). Therefore, the analysis in *Taylor* applies to Defendant's ACCA sentence enhancement.

9

outlined in *Mathis* prevent consideration of the "dangerous weapon" element of § 645, thereby rendering the conviction invalid as a Career Offender predicate. *Id.* at 1221. The *Taylor* panel rejected this argument, concluding the additional element of a dangerous weapon during an assault or battery would always satisfy the required violent force necessary to fall within the elements clause. *Id.* at 1224-25 (citing *Mitchell*, 653 F. App'x at 645).

The Tenth Circuit recently reaffirmed its decisions in *Taylor* and *Mitchell*, finding a defendant's Oklahoma state court convictions for assault with a dangerous weapon and assault and battery with a dangerous weapon under § 645 remained violent felonies under the ACCA. *United States v. Schubert*, 694 F. App'x 641, 646 (10th Cir. 2017) ("[A]ssaults under § 645 categorically require proof of the attempted use or threatened use of violent force and therefore satisfy the ACCA's definition of violent felony."). *Schubert* also expressly rejected an objection to this conclusion based on *Mathis*, finding *Taylor* addressed the role of *Mathis* and held firm to *Mitchell*'s conclusion that § 645 falls within the elements clause. *Id.*

In light of this clear and consistent authority from the Tenth Circuit, the Court concludes that Defendant's convictions under § 645 each qualify as violent felonies under the ACCA's elements clause. As explained above, the ACCA's

elements clause was unaffected by *Johnson*. Therefore, Defendant has at least two qualifying ACCA predicates.

## 2. Third ACCA Offense

The Court further finds Defendant has a third qualifying ACCA offense. The Government contends Defendant has two other qualifying ACCA predicate convictions: (1) Feloniously Pointing a Weapon (Texas County Case No. CRF-82-324) and (2) Possession of a Controlled Drug With Intent to Distribute (Tulsa County Case No. CF-1994-826). (*Id.*). For unexplained reasons, the Government no longer urges that the third qualifying ACCA predicate used in Defendant's PSR—Use of a Firearm During a Drug Trafficking Crime—remains a valid ACCA predicate. (*See* Dkt. 97, at 1-2). In his Reply brief, Defendant states he has no objection to reliance on the drug possession conviction in place of the Use of Firearm conviction as a third ACCA predicate. (Dkt. 98, at 8).[4]

The Court is satisfied that the 1994 Possession of a Controlled Drug offense would qualify as an ACCA predicate in place of the 1994 Use of Firearm conviction. (*See* PSR ¶ 31). *Johnson* did not address the "serious drug offense" category of ACCA predicates, which is defined, in relevant part, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to

---

[4] Although Defendant has no specific objection to use of his 1982 Oklahoma conviction for Feloniously Pointing a Weapon, the Tenth Circuit recently ruled that such a conviction does not qualify as an ACCA offense. *United States v. Titties*, 852 F.3d 1257, 1272 (2017). Therefore, the Court will not count this conviction as a qualifying ACCA predicate.

11

manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). In 1994, Defendant was found guilty of possession of a controlled drug (methamphetamine, a Schedule II controlled dangerous substance) with intent to distribute, in violation of 63 Okl. St. § 2-401, and he received a 25-year sentence. (*See* Dkt. 97-4 (Charging Information, Judgment and Sentence in Case No. CF-94-826)). At the time of Defendant's conviction, the crime carried a maximum sentence of life imprisonment. 63 Okl. St. § 2-401(B)(2) (1994); 63 Okl. St. § 2-206(C)(1) (1994). Accordingly, Defendant's 1994 drug conviction qualifies as a "serious drug offense" under ACCA, even after *Johnson*.

Defendant has three qualifying ACCA predicate convictions, meaning that he remains subject to the enhanced ACCA sentence. Any potential error in Defendant's sentencing was harmless. Therefore, Defendant's § 2255 motion is denied.

## EVIDENTIARY HEARING

This Court is required by § 2255 to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). *See also United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). With this standard as a guide, the Court has

thoroughly reviewed the pleadings, files, and record in this case, and from that review, the Court finds the record conclusively shows that Defendant is entitled to no relief on his claims and an evidentiary hearing is unnecessary.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicate[s] which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). After considering the record in this case, the Court concludes a certificate of appealability should not issue, as Defendant has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

## CONCLUSION

For the reasons cited herein, Defendant James Steven Maxwell's amended Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody brought pursuant to 28 U.S.C. § 2255 (Dkt. 90) is **DENIED**.

**IT IS SO ORDERED** this 21st day of May, 2018.

James H. Payne
United States District Judge
Northern District of Oklahoma